UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN TONELLI,<br>　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, N.A.,<br>　　　　Defendant. | Case No. 20-cv-00442-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Plaintiff Stephen Tonelli filed the instant case against Defendant Wells Fargo, alleging that Defendant failed to: (1) provide information regarding certain bank accounts, and (2) return the funds held in the bank accounts. (First Amended Compl. ("FAC") ¶¶ 18, 35, Dkt. No. 1.) On January 28, 2020, Defendant filed a motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 8.)

Having considered the parties' filings, the relevant legal authorities, and the arguments presented at the July 16, 2020 hearing, the Court GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

On July 8, 2015, Plaintiff's brother, Kevin Tonelli, executed the Tonelli Trust - 2005 ("Trust"). (FAC ¶ 5.) On January 11, 2018, Mr. Tonelli executed a Second Amendment which identified Mr. Tonelli's Wells Fargo checking and savings accounts ("Bank Accounts") as property of the Trust. (FAC ¶¶ 7-8.)

On December 18, 2017, Mr. Tonelli executed a special power of attorney, giving Plaintiff authority to conduct business with Defendant. (FAC ¶ 10.) Using that authority, Plaintiff deposited funds into the Bank Accounts. (FAC ¶ 11.) As of April 30, 2018, the balance in the Bank Accounts exceeded $497,000. (FAC ¶ 12.)

After April 2018, Defendant stopped sending communications, including bank statements,

to Plaintiff or Mr. Tonelli.  (FAC ¶ 13.)  On February 21, 2019, Mr. Tonelli passed away, making Plaintiff the successor trustee of the Trust.  (FAC ¶¶ 14-15.)

On July 1, 2019, Plaintiff notified Defendant that Mr. Tonelli had passed away.  (FAC ¶ 16.)  Defendant told Plaintiff that it would not provide him any information about the Bank Accounts other than their balance was sixty cents.  (FAC ¶ 17.)  On July 2, 2020, Plaintiff gave Defendant a Certificate of Trust, but Defendant still refused to provide any information regarding the Bank Accounts.  (FAC ¶ 18.)

On July 12, 2019, Plaintiff filed a lawsuit against Defendant in state court based on the same facts, asserting claims for conversion, accounting, and violation of California's Unfair Competition Law ("UCL").  (*See* Case No. 19-cv-4904-KAW (*Tonelli I*).)  On July 22, 2019, Plaintiff filed a "Petition for Order to Confirm Trust; Confirm Trustee; and Confirm Trust Assets" with the Probate Division of the Sonoma County Superior Court.  (Saelao Decl., Exh. A, Dkt. No. 8-1 ("Petition for Order to Confirm").)  In the Petition for Order to Confirm, Plaintiff states: "At the time of Kevin Tonelli's death, the bank accounts and real property identified remained vested in Kevin Tonelli's individual name as his separate property."  (Petition for Order to Confirm ¶ 12.)

On August 15, 2019, Defendant removed *Tonelli I* to federal court based on diversity jurisdiction.  (*Tonelli I*, Dkt. No. 1.)  On October 21, 2019, the Court granted Plaintiff's motion to remand because there were non-diverse defendants.  (*Tonelli I*, Dkt. No. 24.)

On December 6, 2019, the Probate Division issued an order confirming that the Trust was valid, that Plaintiff was the successor trustee, and that the Bank Accounts were property of the Trust.  (FAC ¶ 20, Exh. E.)

On December 23, 2019, Plaintiff filed the instant complaint, removing the non-diverse defendants.  On January 21, 2020, Defendant again removed the case to federal court.  (Not. of Removal, Dkt. No. 1.)  On January 28, 2020, Defendant filed the instant motion to dismiss.  On June 16, 2020, Plaintiff filed his opposition.  (Pl.'s Opp'n, Dkt. No. 24.)  Plaintiff included a declaration by his counsel, stating that Defendant had provided the bank statements at issue, and that the statements show that the Bank Accounts' funds were completely transferred out by unknown third parties.  (*See id.* at 3; Kelly Decl. ¶ 9, Exh. E, Dkt. No. 24-2.)  On June 25, 2020,

Defendant filed its reply.  (Def.'s Reply, Dkt. No. 25.)

## II.     LEGAL STANDARD

### A.     Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### B.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III.    DISCUSSION

#### A.    Request for Judicial Notice

Defendant requests that the Court take judicial notice of the Petition for Order to Confirm. "Judicial notice of the Probate Court documents is appropriate, as documents publicly available and not subject to reasonable dispute." *United States v. Paulson*, 204 F. Supp. 3d 1102, 1108 (S.D. Cal. 2016); *see also In re Tower Park Properties, LLC*, 803 F.3d 450, 452 n.2 (9th Cir. 2015) (taking judicial notice of documents filed in the California probate court). Plaintiff does not oppose Defendant's request for judicial notice. The Court GRANTS judicial notice of the Petition for Order to Confirm.

Plaintiff requests that the Court take judicial notice of the operative complaint. (Dkt. No. 24-1.) The Court need not take judicial notice of its own docket. As there is no opposition, however, the Court GRANTS judicial notice of the First Amended Complaint.

4

**B.  Motion to Dismiss**

### i.  First Cause of Action: "Money"

Defendant argues that Plaintiff's first cause of action for "money" under California Civil Code § 3302 should be dismissed because § 3302 does not create a cause of action. (Def.'s Opp'n at 3.) The Court agrees.

Section 3302 states: "The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." California cases, including those cited by Plaintiff, make clear that § 3302 is a measure of damages. *See Dini v. Dini*, 188 Cal. App. 2d 506, 511 (1961) ("The measure of damages is that provided in section 3302, Civil Code"); *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 852 (1968) (Peters, J., dissenting) ("section 3302 of the Civil Code should not be construed as establishing the exclusive *measure of damages* for breach of an obligation to pay money or to limit the damages recoverable under section 3300 of that code") (emphasis added); *Budget Finance Plan v. Sav-On Food Club, Inc.*, 44 cal. 2d 565, 572, n. 6 (1955) (explaining that per § 3302, "[w]here there is no express contract covering the matter, the law awards interest on money from the time it becomes due and payable if such time is certain or can be made certain by calculation"). Plaintiff cites no authority – and the Court could not find any – that suggests § 3302 creates a cause of action, rather than limiting the amount of damages available for certain types of claims. Accordingly, Plaintiff's § 3302 claim is DISMISSED with prejudice.

### ii.  Accounting

Next, Defendant argues that Plaintiff fails to sufficiently allege his second cause of action for an "accounting." (Def.'s Mot. to Dismiss at 4-5.) "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).

Defendant contends that Plaintiff has failed to allege any special relationship that requires an accounting, akin to a fiduciary relationship. (Def.'s Mot. to Dismiss at 4.) In *Jolley v. Chase Home Finance, LLC*, however, the California Court of Appeal found that an action for accounting

may be brought "where a fiduciary relationship exists between the parties, **or** [] where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." 213 Cal. App. 4th 872, 909 (2013) (emphasis added); *see also Teselle*, 173 Cal. App. 4th at 179-80 ("a fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting. The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender."). Thus, Plaintiff need not allege a special relationship comparable to a fiduciary relationship.

In the alternative, Defendant argues that Plaintiff has not sufficiently alleged "that any alleged amounts owed can only be ascertained by an accounting." (Def.'s Mot. at 5 (internal quotation omitted). The Court agrees. In *Tonelli I*, the Court noted that "Plaintiff's accounting claim fails to explain why the amounts in the Bank Accounts 'can only be ascertained by an accounting,' rather than by reviewing the bank statements." (*Tonelli I*, Dkt. No. 24 at 7.) The same flaw exists here. Plaintiff merely asserts that the amount of money due "is unknown to Plaintiff and cannot be ascertained until there is a full accounting of the deposits and withdrawals from the Bank Accounts." (FAC ¶ 27.) Plaintiff, however, again fails to explain *why* an accounting is necessary, as opposed to reviewing the bank statements.[1] *See Lewis v. Ben. Cal., Inc.*, Case No. 17-cv-3575-KAW, 2018 U.S. Dist. LEXIS 199771, at *15 (N.D. Cal. Nov. 26, 2018) (dismissing accounting claim because "there are no facts to support complicated accounts having difficult-to-calculate sums"); *Lundy v. Sele Fin., LP*, Case No. 15-cv-5676-JST, 2016 U.S. Dist. LEXIS 35547, at *54 (N.D. Cal. Mar. 17, 2016) (dismissing accounting claim where the "[p]laintiff contends that the accounts involved in this case are complicated enough to warrant an accounting, but provides no supporting facts for this contention").

At the hearing, Plaintiff stated that an accounting was necessary in order to obtain

---

[1] Indeed, Plaintiff's counsel states he has obtained the bank statements from Defendant, and attaches them. (Kelly Decl. ¶ 9, Exh. E.) As the bank statements appear to show the deposits and withdrawals Plaintiff seeks, it is unclear why an accounting is necessary.

information about who the money was transferred to and who authorized the transfers. An accounting, however, is not the correct vehicle to obtain such information because an accounting is concerned with the *sum* of money due. Plaintiff now knows the amount of money at issue from the bank statements; the other information Plaintiff seeks must be obtained through other means, such as discovery or as the authorized holder of the Bank Accounts.[2]

Accordingly, Plaintiff's accounting claim is DISMISSED with prejudice.

### iii. Breach of Contract

Finally, Defendant argues that Plaintiff's breach of contract claim is inadequately pled. "To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in [verbatim] or according to legal effect." *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 239, 253 (1989). It is not necessary "for a plaintiff to allege the terms of the alleged contract with precision," but "the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 965, 979 (N.D. Cal. 2014.)

Here, Plaintiff identifies the contract as "a written agreement whereby Bank was to provided [sic] banking services to the Trust, of which Plaintiff is the successor trustee." (FAC ¶ 33.) Plaintiff appears to allege that Defendant breached the contract "by its refusal and failure to follow instructions provided by Plaintiff instructing [Defendant] to return the funds that [Defendant] holds on a deposit for the benefit of the Trust." (FAC ¶ 35.) Specifically, Plaintiff alleges that Defendant failed to return "the entire sum of approximately $500,000 on deposit . . . ." (FAC ¶ 36.)

As an initial matter, it is not entirely clear Plaintiff had authority to give instructions to Defendant in July 2019. Plaintiff does not appear to have authority under the special power of attorney, as "[g]enerally, a power of attorney terminates on the death of the principal." *People v.*

---

[2] To the extent Defendant is obliged by contract to provide the requested information and Defendant continues to refuse to do so, Plaintiff could presumably bring a breach of contract claim on this ground. As discussed below, however, Plaintiff's breach of contract claim as pled is limited solely to Defendant's alleged failure to follow instructions provided by Plaintiff to return the funds on deposit.

*Fenderson*, 188 Cal. App. 4th 625, 634 (2010).[3] Plaintiff may have authority as the trustee; as Plaintiff argued at the hearing, Plaintiff did not need to petition the probate court to add the Bank Accounts to the Trust. Moreover, it is not clear from the July 22, 2019 Petition for Order to Confirm that the Bank Accounts were Mr. Tonelli's separate property *after* his death; the Petition for Order to Confirm only stated that the Bank Accounts were in his individual name at the time of his death. Plaintiff, however, did not make these arguments in his opposition, nor did he provide legal authority in support.

The Court does not decide the issue of authority because regardless, Plaintiff fails to state a breach of contract claim. At the hearing, Plaintiff stated that the breach of contract claim was based on the loss of the money, and that Defendant breached a contractual duty to police the accounts to prevent fraudulent withdrawals. Plaintiff, however, makes no such allegations in his complaint. Instead, his complaint is focused solely on Defendant's "refusal and failure to follow instructions provided by Plaintiff instructing Bank to return the funds that Bank holds on a deposit for the benefit of the Trust."[4] (FAC ¶ 35.) Plaintiff makes no allegations that there was fraud, that Defendant had a duty to prevent fraud or police the account, or that Defendant violated that duty by failing to prevent fraudulent transfers. Federal pleading standards require that Plaintiff plead a claim based on the *facts* that have been alleged; it is not the Court's role to read in terms that have not been explicitly pled in the complaint. As Plaintiff has failed to plead in the complaint the terms of the contract he now alleges were violated, Plaintiff fails to adequately state a breach of

---

[3] While California Probate Code § 4101 permits a principal to specify that the power of attorney to remain in effect after the principal's death, Plaintiff makes no allegations that the power of attorney includes any such express statement. *Fenderson*, 188 Cal. App. 4th at 634.

[4] To the extent Plaintiff's claim is based on the failure to return the funds Defendant held on deposit by not returning the $500,000, Plaintiff's claim fails because there are no allegations that Defendant held $500,000 on deposit for Plaintiff at the time the instructions to return the funds was made. Instead, Plaintiff pled that he was informed there was only sixty cents in the Bank Accounts. (FAC ¶ 17.) Moreover, Plaintiff admitted in his opposition that the bank statements "reveal that as of the date of [Mr.] Tonelli's passing, February 21, 2019, these accounts held a balance of $447,588.89," and that "[b]etween the date of his death and July 1, 2019, the *entire sum* was transferred out by unknown third parties at an incredible rate." (Pl.'s Opp'n at 3 (emphasis added).) Thus, Defendant could not have breached its obligation to return the funds it held on deposit for Plaintiff by failing to return $500,000 because Defendant was not holding $500,000 on deposit in the Bank Accounts.

contract claim. Accordingly, the breach of contract claim is DISMISSED with leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss. Plaintiff's claims for money and accounting are DISMISSED with prejudice, and Plaintiff's breach of contract claim is DISMISSED without prejudice. Plaintiff may file an amended complaint within **30 days** of the date of this order. Defendant's responsive pleading is due by September 14, 2020.

IT IS SO ORDERED.

Dated: July 17, 2020

KANDIS A. WESTMORE
United States Magistrate Judge